IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER T.,                          *
                                         *
                Plaintiff,               *
                                         *
        vs.                              *        Civil Action No.   ADC-20-2851
                                         *
KILOLO KIJAKAZI,                         *
Acting Commissioner,                     *
Social Security Administration           *
                                         *
                Defendant.               *
                                         *
        * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On October 1, 2020, Christopher T. ("Plaintiff" or "Claimant") petitioned this Court to
review the Social Security Administration's ("SSA") final decision to deny his claim for Disability
Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1 ("the
Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 14,
17) on July 23, 2021 and November 5, 2021, respectively.[1] After considering the parties' motions,
the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that
follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion
for Summary Judgment (ECF No. 17) is DENIED, the SSA's decision is REVERSED, and the
case is REMANDED to the SSA for further analysis in accordance with this Opinion.

## PROCEDURAL HISTORY

On November 2, 2016, Plaintiff filed a Title II application for DIB, alleging disability since
November 1, 2012, which was later amended to June 3, 2015. ECF No. 11-3 at 13. His claim was

---

[1] On November 30, 2021, this case was assigned to United States Magistrate Judge A. David
Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.
*See* ECF Nos. 2, 4.

1

denied initially on March 10, 2017 and upon reconsideration on October 23, 2017. *Id.*
Subsequently, Plaintiff filed a written request for a hearing, and on January 28, 2019, an
Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On February 25, 2019, the ALJ
rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 23. Plaintiff requested
a review of the ALJ's determination, which the Appeals Council granted on August 6, 2020. *Id.* at
4. On September 25, 2020, the Appeals Council issued its decision concluding Plaintiff was not
disabled. *Id.* at 7. Thus, the Appeals Council's decision became the final decision of the SSA. *See*
20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On October 1, 2020, Plaintiff
then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability
application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v.
Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review
of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by
substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635,
638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a
reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of
nondisability is supported by substantial evidence and based upon current legal standards. *Brown
v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which
a reasonable mind might accept as adequate to support a conclusion. It consists of more than a
mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d
204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not
"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for

2

that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including

4

the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* §
404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can
sometimes manifest at a greater level of severity of impairment than is shown by solely objective
medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility,
the ALJ should consider the claimant's daily activities, treatments he has received for his
symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3.
However, the ALJ may not "disregard an individual's statements about the intensity, persistence,
and limiting effects of symptoms solely because the objective medical evidence does not
substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting
SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective
medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a
claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant
work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not
disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth
and final step of the sequential analysis. The claimant has the burden of proof during steps one
through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at
step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant
can do, given the claimant's age, education, work experience, and RFC, and (2) that such
alternative work exists in significant numbers in the national economy. 20 C.F.R. §
404.1520(a)(4)(v); *see Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that
exists in significant numbers in the national economy, then he is not disabled. 20 C.F.R. §§
404.1520(a)(4)(v), (g)(1), 404.1560(c). If the claimant cannot perform other work, he is disabled.

5

## THE COMMISSIONER'S DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of June 3, 2015 through his date last insured of December 31, 2016. ECF No. 11-3 at 15. At step two, the Appeals Council found that Plaintiff had severe impairments of hypertension, obesity, asthma, affective disorder, and generalized anxiety disorder. *Id.* at 15. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 16. The ALJ then determined that Plaintiff had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant can never climb ladders, ropes or scaffolds. The claimant can have occasional exposure to extremes of heat and cold and odors, fumes, dusts, gasses and poor ventilation. The claimant must avoid all exposure to hazards. The claimant can perform simple, routine tasks. The claimant can have occasional interaction with co-workers, supervisors and the general public.

*Id.* at 17–18. The Appeals Council found Plaintiff had the RFC:

> [T]o perform a reduced range of medium work. However, the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The claimant can have occasional exposure to extremes of heat and cold and odors, fumes, gasses, and poor ventilation. The claimant must avoid all exposure to hazards. The claimant can perform simple, routine tasks. The claimant can have occasional interaction with co-workers, supervisors and the general public.

*Id.* at 6. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. *Id.* at 21. Finally, at step five, the ALJ concluded that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," considering his age, education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 23. The Appeals Council adopted the ALJ's findings at each step. *Id.* at 4.

6

**DISCUSSION**

Plaintiff raises two arguments on appeal: (1) the Commissioner erroneously assessed Plaintiff's RFC because (a) the Appeals Council changed Plaintiff's RFC without explanation, (b) neither the Appeals Council nor the ALJ included an RFC limitation or explained why a limitation was unnecessary upon finding Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, (c) the Appeals Council failed to properly evaluate the opinion of Plaintiff's treating physician, and (d) the Appeals Council and ALJ failed to explain why an individual with moderate limitations in concentrating, persisting, or maintaining pace would be capable of being on task for at least 80% of the workday; and (2) the ALJ erroneously evaluated Plaintiff's subjective complaints. ECF No. 14-1 at 4–19. I address first Plaintiff's argument that the Appeals Council and ALJ failed to provide for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace in Plaintiff's RFC. I find Plaintiff's argument compelling.

A. Plaintiff's Moderation Limitation in Concentrating, Persisting, or Maintaining Pace

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

7

The U.S. Court of Appeals for the Fourth Circuit concluded that remand is proper where the ALJ failed to explain why a Plaintiff's "moderate limitation in concentration, persistence, or pace" did not translate into a limitation in Plaintiff's RFC. *Mascio*, 780 F.3d at 638. "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for [Plaintiff's] limitation in concentration, persistence, or pace." *Id.* "Pursuant to *Mascio*, once an ALJ has made a step three finding that [Plaintiff] suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D.Md. May 19, 2015), *report and recommendation adopted* (D.Md. June 5, 2015).

It is not a "categorical rule" that the ALJ must always include the moderate limitation in an RFC; instead, the ALJ must only address the mental limitations in the RFC or provide an explanation for omitting it. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit explained that the ALJ at issue, unlike in *Mascio*, addressed the plaintiff's disability, "including her moderate limitations in concentration, persistence, or pace," and explained why evidence of the record supported the identified limitation. *Id.* at 122. The ALJ's finding with regard to the plaintiff's mental limitation and her RFC were thus "sufficiently explained and supported by substantial evidence in the record." *Id.*

Here, the ALJ and the Appeals Council failed to failed to "build an accurate and logical bridge" the findings of Plaintiff's moderate difficulties in concentrating, persisting, or maintaining pace to Plaintiff's RFC. *See Monroe*, 826 F.3d at 189. At step three, both the ALJ and Appeals Council concluded that Plaintiff had a moderate difficulty in concentrating, persisting, or maintaining pace. ECF No. 11-3 at 5, 17. The Appeals Council's RFC determination relied on the

8

reasoning set forth by the ALJ. *Id.* at 5. The ALJ failed to explain why limiting Plaintiff to "simple, routine tasks" would accommodate Plaintiff's moderate limitations or why a limitation was not needed. *See* ECF No. 11-3 at 18–21. This mirrors the failure in *Mascio*: the Fourth Circuit explained that an ALJ may not account for such moderate limitations by restricting Plaintiff to "simple, routine tasks," because such ability "differs from the ability to stay on task." 780 F.3d at 638. In short, the ALJ (and the Appeals Council) failed to provide any discussion linking Plaintiff's moderate limitations in concentrating, persisting or maintaining pace to the RFC or explain why no such limitation was needed. Accordingly, "a remand is in order." *Id.*

Because I remand on this ground, I do not consider Plaintiff's additional arguments that the RFC was not supported by substantial evidence and that the ALJ erroneously evaluated Plaintiff's subjective complaints. ECF No. 14-1 at 4–19. On remand, the ALJ may consider these arguments and make any required adjustments to the opinion.

CONCLUSION

The Court thus concludes that the Commissioner failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 17) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this Opinion.

Date: 13 | December 2021

A. David Copperthite
United States Magistrate Judge